UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANNA ANDIN BENDER, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 1:18cv76 |
| JEFFERSON B. SESSIONS, III,<br>Attorney General, | ) |
| Defendant. | ) |

**DEFENDANT'S PROPOSED DISCOVERY PLAN**

Pursuant to this Court's order of April 25, 2018, defendant,[1] through his undersigned counsel, hereby respectfully submits this Proposed Discovery Plan in the above-captioned action.

1. <u>Defendant's Request for a Stay of Discovery</u>: In this action, defendant has filed a motion for dispositive treatment on all of plaintiff's claims (Dkt. Nos. 8-9). Plaintiff is about to file her memorandum in opposition to that motion, and oral argument on that motion is currently scheduled for May 25, 2018 (Dkt. No. 11) – shortly more than a week after the initial pre-trial conference before this Court. Given the likelihood of a decision on that motion in the very short term, and the fact that discovery does not close in this action until September 2018, defendant respectfully requests – in the interests of economy and conservation of resources – a stay of discovery until such time as this Court issues a ruling on the pending dispositive motion.

---

[1] On May 8, 2018, undersigned counsel transmitted to plaintiff – who is proceeding here *pro se* – a draft of the instant discovery plan for her review and approval or comment via electronic mail. Plaintiff responded on May 9, 2018, informing undersigned counsel that she could not provide comment on the draft until 11:59 p.m. that evening because she needed additional time to consider the issues. Given this Court's order, defendant has filed this discovery plan unilaterally, and has attached the electronic mail correspondence between undersigned counsel and plaintiff to this paper so as not to represent plaintiff's position inaccurately.

2.      Defendant respectfully proposes that the Court adopt the discovery schedule proposed below.

3.      <u>Initial Disclosures</u>:  The parties will exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) and Local Rule 26(A)(1) within 21 days from the date the Court enters its Scheduling Order pursuant to Local Rule 16(b), or, in the event this Court grants the aforementioned stay, within 21 days of the entry of the Court's order on defendant's motion to dismiss (if necessary).

4.      <u>Discovery</u>

    a.      Any discovery to be undertaken will be commenced in time to be completed by the close of discovery in this case on September 14, 2018.

    b.      Each party may serve to any other party a maximum of thirty (30) interrogatories, including parts and subparts, without leave of court.

    c.      Each party make take a maximum of five (5) non-party, non-expert depositions, without leave of court.  Each deposition shall be limited to a maximum of one (1) day of seven (7) hours of actual testimony, unless extended by agreement of the parties or order of this Court.  The parties agree that they will make reasonable efforts to agree on dates for any depositions convenient to the deponent, counsel, and parties.

    d.      Should a protective order be appropriate, the parties will confer in good faith to agree on the terms of a draft protective order to propose to this Court.

    e.      If any documents are received from third parties pursuant to subpoena or FOIA request, the receiving party shall alert the remaining parties to its receipt of such documents within five (5) business days of receipt and shall make the received documents available for inspection and copying.

5.  Expert Witnesses

   a. Plaintiff shall disclose any experts who may be called to testify at trial and provide those reports required by Fed. R. Civ. P. 26(a)(2)(B) on or before July 16, 2018.

   b. Defendants shall disclose any experts who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) on or before August 15, 2018.

   c. Plaintiff shall disclose any rebuttal expert report specifically regarding defendants' expert disclosures on or before August 31, 2018.

6.  Electronically Stored Information

   a. With respect to discovery of electronic documents, defendant considers technical matters regarding the functioning and capabilities of the systems of the Federal Bureau of Investigation as privileged, and in many instances, to include sensitive national security and/or classified information.

   b. The parties will produce discoverable electronically stored information in printed form on paper or in PDF format from its original electronic format in the first instance. To the extent that the printed or PDF document does not indicate information which may be important, the parties will evaluate a request for such information on an individual document-to-document basis and disclose it in an intelligible format.

   c. Defendant acknowledges his obligation – through the Federal Bureau of Investigation – to retain and preserve documents, information, and things (including electronically-stored information) that may be relevant to the subject matter of this lawsuit.

7.  Issues Regarding Privilege

   a. <u>Privileged material – Effect of Disclosure</u>: Any disclosure of privileged, work product, or other protected information as part of a production is not a waiver in the pending

3

case or any other federal or state proceeding or arbitration. This agreement of the parties and by Order of the Court establishes the parties' intention to retain the confidentiality of all privileged materials pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure and otherwise afford the maximum protection allowed by Federal Rule of Evidence 502(d) and (e) and analogous law and rules of any other state or court.

      b.    <u>Privileged Communications Between Counsel, or Between Parties and Their Counsel</u>: Defendant seeks a provision in the scheduling order that precludes discovery of documents created after the filing of the administrative claim filed by plaintiff that forms the basis of plaintiff's claims in this action that are (a) privileged because they are sent solely between counsel for either party, or (b) that are privileged because they are sent between a party and that party's counsel. If any discovery request is susceptible of a construction which calls for the production of such documents, those documents need not be produced or identified on any privilege log.

      c.    <u>Privileged Material - Inadvertent Disclosure</u>: The production of privileged or protected documents (including electronic documents) without the intent to waive that privilege or protection does not constitute a waiver, so long as the disclosing party identifies the inadvertently-disclosed documents within a reasonable time. If such documents are identified, the recipient party will cease review of the inadvertent production and promptly return the documents to the disclosing party.

8.    <u>Additional Issues</u>

      a.    At this stage of the proceedings, defendant does not consent to trial before a Magistrate Judge.

   b. At this time, defendant does not request the assistance of a Magistrate Judge to engage in settlement discussions, and no settlement discussions have yet taken place.

<u>Dated</u>: May 10, 2018

Respectfully submitted,

TRACY DOHERTY-McCORMICK
ACTING UNITED STATES ATTORNEY

*By*:  /s/
  DENNIS C. BARGHAAN, JR.
  Deputy Chief, Civil Division
  Assistant United States Attorney
  Office of the United States Attorney
  Justin W. Williams U.S. Attorney's Building
  2100 Jamieson Avenue
  Alexandria, Virginia 22314
  Tel: (703) 299-3891
  Fax: (703) 299-3983
  Email: dennis.barghaan@usdoj.gov

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and had a true and correct copy of the same transmitted to the following via first-class mail:

Anna Andin Bender
18251 Maple Spring Court
Leesburg, Virginia  20176

Date: May 10, 2018                     _____/s/_____
                                              DENNIS C. BARGHAAN, JR.
                                              Deputy Chief, Civil Division
                                              Assistant U.S. Attorney
                                              2100 Jamieson Avenue
                                              Alexandria, Virginia 22314
                                              Telephone: (703) 299-3891
                                              Fax:        (703) 299-3983
                                              Email:  dennis.barghaan@usdoj.gov