# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| ANNA ANDIN BENDER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:18-cv-76 |
| JEFFERSON B. SESSIONS, III<br>Attorney General, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

Plaintiff Ann Bender was an employee of a private corporation SAVA as an IT Specialist that provided information technology professionals to work at the Terrorist Screening Center ("TSC"), a facility administered by the Federal Bureau of Investigation ("FBI"). She identies as a Pentecostal Christian. TSC has a significant national security role and must be fully operational at all times. On September 16, 2013, SAVA assigned Plaintiff to the TSC as a "Shift Lead." Plaintiff's typical schedule had her working the overnight shift between 11:00 p.m. and 8:00 a.m. Monday through Friday. Because TSC required 24-hour-a-day operation, employees were required to work on the weekends and occasionally Plaintiff did so.

In November 2013, Plaintiff alleged misconduct against one of her coworkers, and that coworker was ultimately removed from the TSC contract. Because of the removal of this coworker, other employees had to cover the Saturday night shift. Plaintiff was informed by the TSC supervisors she needed to work two consecutive Saturdays in January 2014 but could take off another day during the week. After Plaintiff worked the first Saturday in January 2014, Plaintiff informed her supervisor that working Saturdays caused a significant hardship on her and her family because of her husband's poor health. The supervisor made changes to the schedule so that Plaintiff was only required to work a Saturday once every four or five weeks.

Before Plaintiff worked another Saturday night shift in 2014, she informed her supervisor that it was impossible for her to work on Saturdays, explaining that it conflicted with her husband's needs and she needed to be home to help with her very young children. Several more instances occurred in which Plaintiff informed her supervisors that she could not work Saturdays because of conflicts with her husband and kids. Ultimately, her supervisor at TSC communicated to SAVA that he hoped Plaintiff could be reassigned to another SAVA contract that did not have an around the clock mission the same way TSC did. SAVA's TSC Program Manager concluded that "plaintiff needed to be replaced with someone who was willing to adhere to the contract requirements of working

2

shifts as needed," and removed Plaintiff from SAVA's TSC contract on January 31, 2014.

On March 15, 2014, Plaintiff filed an administrative complaint of discrimination with the FBI in which she alleged that she had been the victim of religious discrimination. Ultimately, on September 28, 2017, the assigned Equal Employment Opportunity Commission ("EEOC") Administrative Judge ("AJ") granted summary judgement in favor of the FBI, holding that Plaintiff could not establish a prima facie case of religious discrimination.

Plaintiff filed suit in this court on January 22, 2018 against United States Attorney General Jefferson Sessions, claiming religious discrimination pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2) and the Virginia Human Rights Act. Plaintiff claims the FBI discriminated against her by showing disparate treatment towards her on the basis of religion and as a result plaintiff was terminated from her job at TSC. On October 26, 2018, after completion of discovery, Defendant filed its Motion for Summary Judgement. Plaintiff did not respond to Defendant's motion.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In

3

reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). This Court finds this case is ripe for summary judgment.

The Magistrate Judge found, and this Court agrees, that Plaintiff has failed to respond to interrogatories and document requests, attend a noticed deposition, and submit an exhibit list as required in the initial scheduling order. Further, Plaintiff has acted in bad faith and Defendant has been prejudiced by Plaintiff's failure to respond to discovery. Thus, Plaintiff has produced no evidence to support her claims that the FBI discriminated against her because of animus directed to her Christian faith, or that the requirement that she work on occasional Saturday evenings in any way conflicted with her sincere religious beliefs.

Given that Plaintiff failed to respond to Defendant's Motion for Summary Judgment, and Plaintiff failed to put forth any evidence during discovery, this Court finds the undisputed facts set forth by Defendant in its Motion for Summary Judgement are uncontroverted. See Custer v. Pan Am. Life Ins. Col, 12 F.3d 410,

416 (4th Cir. 1993). The burden is still on the Defendant to show that the uncontroverted facts entitle the Defendant to a "judgment as a matter of law." Id. Defendant has done so in this case.

The Fourth Circuit has explained that religious discrimination under Title VII of the Civil Rights Act can be alleged under two separate theories of religious discrimination. Chambers v. Tulon Co., 101 F.3d 1012, 1017 (4th Cir. 1996). First, in order to show "disparate treatment" an employee must demonstrate that the employer treated her differently than other employees by taking an adverse employment action against her because of her religious beliefs. Id. The second theory is "failure to accommodate" which allows an employee to proceed without actual evidence of intentional religious animus if she can demonstrate that her employer did not authorize a reasonable accommodation to a workplace rule that was in direct conflict with her "religious expression or conduct." Id. at 1018. Plaintiff in this case did not specify in her complaint what theory of discrimination she is pursuing under Title VII of the Civil Rights Act. Nonetheless, Plaintiff has failed to present evidence to establish that she was discriminated against based on her religion under either a "disparate treatment" theory or a "failure to accommodate" theory.

The Fourth Circuit has said that employment decisions which are "nothing more than routine, day-to-day work occurrences that do not adversely affect the employee's job position or

5

compensation" are not actionable under Title VII. Green v. Fairfax County Sch. Bd., 832 F.Supp. 1032, 1040 (E.D. Va. 1993), aff'd, 23 F.3d 400 (4th Cir. 1994). The action by the employer must have "adversely affected the terms, conditions, or benefits of the plaintiff's employment." James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004).

Plaintiff's complaint alleges that FBI discriminated against her based on her religion when it changed Plaintiff's schedule to be required to work occasional Saturday nights. This type of change in work schedule is not the type of "significant change in employment status" that is considered to be an adverse action under Fourth Circuit precedent. Furthermore, the FBI did not terminate the Plaintiff. The FBI asked that Plaintiff be reassigned to a SAVA contract that did not require the same around-the-clock personnel as TSC. It was ultimately SAVA who terminated the Plaintiff, not the FBI. The Fourth Circuit held in Boone v. Goldin, 178 F.3d 253 (4th Cir. 1999) that "reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action." Accordingly, this Court finds the FBI did not take an adverse employment action against Plaintiff when they requested she be removed from the contract.

Furthermore, in order for Plaintiff to establish a religious disparate treatment claim, she must either 1) present direct evidence of discrimination, or 2) present circumstantial evidence.

6

Because Plaintiff has not presented any direct evidence of discrimination, we must consider the circumstantial evidence through the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) burden-shifting framework as set forth by the Supreme Court. Under this framework, the plaintiff must first establish a prima facie case of discrimination or retaliation. Foster v. Univ. of Md. Eastern Shore, 787 F.3d 243, 250 (4th Cir. 2015). The burden then shifts to the employer to produce a legitimate, non-discriminatory reason for the decision. Id. Finally, the plaintiff must establish that the employer's stated reason is merely a pretext. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000).

In order for Plaintiff to state a prima facie case under a "disparate treatment" theory, she must "1) prove that her job performance was satisfactory and 2) present direct or indirect evidence whose cumulative probative force supports a reasonable inference that discharge was discriminatory." Lawrence v. Mars, Inc., 955 F.2d 902, 905-06 (4th Cir. 1992). Although the record indicates that Plaintiff was performing satisfactorily at her job, she fails to set forth any evidence that her supervisors at the FBI requested she be reassigned because of her Christian religion. The EEOC record indicates that there were a few instances in which Plaintiff's religion was discussed with her supervisors, possibly showing that her coworkers and supervisors were aware of her Christian religion. The record further indicates that Plaintiff

7

never heard her supervisors make any adverse comments against Christians. Additionally, Plaintiff does not present evidence that any similarly situated employees who were not Christians were treated differently and more favorably than Plaintiff.

Even if Plaintiff stated a prima facie case of disparate treatment, Defendant states a legitimate, non-discriminatory reason for requesting Plaintiff be reassigned. That is, TSC required constant IT support, even on the weekends, and Plaintiff refused to work occasional weekends, despite knowing of the "around-the-clock" mission of TSC. The burden then shifts to Plaintiff to show that this reason was mere pretext.

The record indicates the FBI's reason for requesting Plaintiff be reassigned was not pretext. First, her supervisors repeatedly tried to work with her to ensure that she did not have to work on the weekends more than necessary. Second, Plaintiff did not cite her religion as her reason for not being able to work weekends at the time she was employed at TSC. Plaintiff has not met her burden in showing the FBI discriminated against her because of animus directed to her Christian faith, or that the requirement she work on occasional Saturday evenings in any way conflicted with her sincere religious beliefs. For these reasons, Plaintiff's disparate treatment claim fails.

Next, it appears Plaintiff claims the FBI failed to accommodate her Christian beliefs when it required that she work

8

on occasional Saturdays. In order to state a prima facie case under a "failure to accommodate" theory, Plaintiff must establish: "1) he or she has a bona fide religious belief that conflicts with an employment requirement; 2) he or she informed the employer of this belief; and 3) he or she was disciplined for failure to comply with the conflicting employment requirement." Chalmers, at 1019.

Plaintiff cannot state a prima facie case for "failure to accommodate" under Title VII of the Civil Rights Act because there is no evidence to support the second element of the claim. Plaintiff alleges the FBI's requirement that she work occasional Saturday nights prevented her "from honoring her religious conviction as a Christian spouse to support her spouse in Holy Matrimony" because "God regards the man to be the head of the household" and she "must show a certain degree of respect and consideration for her husband." The record indicates that while Plaintiff informed her supervisors that she could not work Saturdays because of conflicts with her husband, Plaintiff never informed her supervisors that it was her religious beliefs which required her to support her husband and that working on Saturdays conflicted with that religious belief. Consequently, Plaintiff's claim of "failure to accommodate" under Title VII of the Civil Rights Act fails.

Lastly, Plaintiff's complaint also asserts a cause of action pursuant to the Virginia Human Rights Act. The United States and

9

its agencies enjoy sovereign immunity from suit unless Congress has explicitly abrogated such immunity. See <u>FDIC v. Meyer</u>, 510 U.S. 471, 475-76 (1994). Because Congress has not waived its sovereign immunity as to the Virginia Human Rights Act, Plaintiff's claim under the Virginia Human Rights' Act must be dismissed.

For the foregoing reasons, this Court finds that Defendant is entitled to summary judgement. An appropriate order shall issue.

                                           /s/ Claude M. Hilton
                                           CLAUDE M. HILTON
                                           UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
November 15, 2018